IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FENSTER FAMILY PATENT HOLDINGS, :
INC., ELSCINT LTD., and ELSCINT :
INC., :
    Plaintiffs, :
         :
    v. : Civil Action No. 04-0038-JJF
         :
SIEMENS MEDICAL SOLUTIONS USA, :
INC., SIEMENS MEDICAL SYSTEMS, :
INC., SIEMENS CORPORATION, and :
SIEMENS AG, :
       :
    Defendants. :

---

Josy W. Ingersoll, Esquire, John W. Shaw, Esquire, Adam W. Poff,
Esquire of YOUNG CONAWAY STARGATT & TAYLOR, Wilmington, Delaware.
Of Counsel: Neil F. Greenblum, Esquire, Michael J. Fink, Esquire,
Jill M. Browning, Esquire and Van C. Ernest, Esquire of GREENBLUM &
BERNSTEIN, P.L.C.
Attorneys for Plaintiffs.

Arthur G. Connolly, III, Esquire of CONNOLLY BOVE LODE & HUTZ, LLP,
Wilmington, Delaware.
Of Counsel: Eugene M. Gelernter, Esquire; Scott B. Howard, Esquire,
Chad J. Peterman, Esquire, Melissa Mandrgoc, Esquire and Adrian H.
von Hassell, Esquire of PATTERSON, BELKNAP, WEBB & TYLER, LLP, New
York, New York.
Attorneys for Defendants.

---

### MEMORANDUM OPINION

September 20, 2005
Wilmington, Delaware

Joseph J. Farnan Jr.
Farnan, District Judge.

Presently before the Court are (1) Defendant Siemens' Motion For An Expedited Briefing Schedule (D.I. 69); (2) Defendant Siemens' Motion For A Protective Order With Respect To Plaintiffs' Rule 30(b)(6) Deposition Notice (D.I. 70); (3) Defendants' Combined Emergency Motion Pursuant To The Rule 16 Scheduling Order To: (1) Limit The Number Of Asserted Claims, And (2) Modify The Existing Schedule (D.I. 71); (4) Defendants' Rule 37 Motion To Compel Discovery (D.I. 72); (5) Plaintiffs' Motion To Compel Responses To Interrogatory Nos. 9 And 10 And Alleged Joint Defense Communications (D.I. 74); (6) Plaintiffs' Motion To Compel 30(b)(6) Witness (D.I. 75); (7) Plaintiffs' Renewed Motion For Access To Defendants' Intranet (D.I. 80); (8) Plaintiffs' Revised Motion To Compel Discovery Responses With Respect To Sienet Product (D.I. 84); (9) Plaintiffs' Motion To Quash And/Or In The Alternative For Protective Order In Response To Defendants; Notice Of Deposition And Subpoena Duces Tecum Issued On March 16, 2005 To General Electric Company And General Electric Medical Systems, Inc. (D.I. 101); (10) Plaintiffs' Motion To Compel Deposition Testimony Of Mssrs. Ruggiero And Keller (D.I. 107); (11) Plaintiffs' Motion To Preclude Defendants From Relying On Expert Testimony (D.I. 113); and (12) Siemens' Conditional Cross-Motion To Preclude Plaintiffs From Offering Expert Testimony On Infringement (D.I. 114).

**BACKGROUND**

This is a lawsuit filed by Fenster Family Patent Holdings, Inc. ("Fenster"), Elscint Ltd., and Elscint, Inc. (collectively, "Fenster") against Siemens Medical Solutions USA, Inc., Siemens Medical Systems, Inc., Siemens Corporations, and Siemens AG, (collectively, "Siemens"). Fenster asserts eight unrelated patents against Siemens: U.S. Patent Nos. 4,555,728 ("the '728 patent"); 4,693,864 ("the '864 patent"); 4,459,990 ("the '990 patent"); 4,685,146 ("the '146 patent"); 4,644,398 ("the '398 patent"); 4,595,949 ("the '949 patent"); 4,590,518 ("the '518 patent'); 4,777,620 ("the '620 patent"). Fenster seeks declarations of infringement, willful infringement, inducement of infringement, and contributory infringement plus damages and permanent injunctive relief. Fenster alleges that each of the patents in suit is owned by Elscint Ltd. and exclusively licensed to Fenster Family Patent Holdings, Inc.

The technology at issue is generally referred to as Digital Angiography and Digital Fluoroscopy ("DF"). DF refers to X-ray diagnostic apparatus and techniques that are used to measure cardiovascular function.

Plaintiff Fenster Family Patent Holdings, Inc. is a Delaware corporation with its principal place of business in Wilmington, Delaware. Plaintiff Elscint Ltd. is an Israeli Company located in Tel Aviv, and is the owner of the patents-in-suit. Plaintiff Elscint Inc. is a Massachusetts corporation, and a wholly owned U.S.

3

subsidiary of parent company Elscint Ltd.

Defendant Siemens Medical Solutions USA, Inc. is a Delaware corporation, with its principal place of business in Malvern, Pennsylvania.  Fenster alleges that Siemens Medical Solutions USA, Inc. is a wholly owned subsidiary of Defendant Siemens AG.

Defendant Siemens Medical Systems, Inc. is a Delaware corporation with its principal place of business in Iselin, New Jersey.  Fenster alleges that Siemens Medical Systems, Inc. is a wholly owned subsidiary of Defendant Siemens AG.

Defendant Siemens Corporation is a Delaware corporation with its principal place of business in New York, New York.  Fenster alleges that Siemens Corporation is a wholly owned subsidiary of Defendant Siemens AG and is the parent corporation of Siemens Medical Solutions USA, Inc. and Siemens Medical Systems, Inc.

Defendant Siemens AG is organized under the laws of Germany, with its principal place of business in Munich, Germany.  Fenster alleges that Siemens AG includes a medical technology business unit, Siemens Medical Solutions (Germany).

Fenster filed its Complaint (D.I. 1) on January 20, 2004. On February 6, 2004, Fenster filed a First Amended Complaint (D.I. 12). On July 7, 2004, the Court entered a Rule 16 Scheduling Order, whereby Fact Discovery ended on March 15, 2005, and the deadline for filing case dispositive motions was August 12, 2005.  There is a Markman hearing scheduled on October 3, 2005, a Pretrial Conference scheduled on November 10, 2005, and a jury trial scheduled to begin

4

on January 17, 2006.

On November 22, 2004, the Court held a discovery hearing at
which the Court granted Siemens' Motion For Bifurcation (D.I. 38)
with regard to damages and denied it with regard to willfulness.
At the November 22 hearing, the Court also ruled on a Revised Motion
To Compel (D.I. 46-1) filed by Fenster denying access to the Siemens'
electronic database or Intranet and granting access to documents
related to products wherein a cardiac diagnostic image from an X-ray
is received and processed.

In compliance with the Scheduling Order, on February 8, 2005,
Fenster identified 90 patent claims and listed 49 accused products.

**DISCUSSION**

The motions pending in this case can be divided into two
categories (1) motions related to the scope of discovery, and (2)
other discovery motions.

**I.   Motions Related To The Scope Of Discovery**

At the heart of most of the discovery related motions is
Siemens' contention that the 90 claims and 49 accused products
asserted by Fenster are unreasonable in number and that Siemens
cannot prepare its defense or maintain the current case schedule
under these conditions.  Fenster, in turn, seeks to compel Siemens
to respond to its discovery requests.

A.   <u>Defendants' Motion For An Expedited Briefing Schedule (D.I.
     69)</u>

By its Motion, Siemens requests an order expediting the briefing
schedule with regard to Siemens' Combined Emergency Motion Pursuant
To The Rule 16 Scheduling Order to limit the number of claims
asserted and modify the existing schedule.  In response, Fenster
contends that Siemens has failed to diligently pursue its discovery
and has impeded Fenster from conducting discovery.  Specifically,
Fenster contends that Siemens has failed to notice depositions, has
not pursued publicly available foreign patent documents, has refused
to present any witnesses in response to Fenster's 30(b)(6) notice for
February 14, 2005, and has produced documents long after the December
2004 date by which the Court wanted document production to be
completed.

Because this motion has been pending for several months, the
Court will deny Defendants' Motion For An Expedited Briefing
Schedule.

B.   <u>Defendants' Combined Emergency Motion Pursuant To The Rule
     16 Scheduling Order To: (1) Limit The Number Of Asserted
     Claims, And (2) Modify The Existing Schedule (D.I. 71)</u>

By its motion, Siemens requests an order limiting the number of
claims and modifying the existing schedule.  Specifically, Siemens
contends that allowing Fenster to assert 90 claims is unreasonable.
Further, Siemens contends that, because Fenster expanded the scope of
this litigation five weeks before the close of fact discovery and
eleven weeks before the date for expert reports on validity, Siemens

6

is unable to prepare its defenses.  Siemens further contends that
Fenster has impeded discovery by refusing to make all inventors
available for depositions and failing to produce key documents (the
subject of a separate rule 37 motion).  Siemens requests that the
current schedule be modified as follows: fact discovery will end
eight weeks after Fenster identifies a reasonable number of asserted
claims and a reasonable number of accused products; opening expert
reports will be due four weeks after the close of fact discovery
(instead of six weeks under the current scheduling order); rebuttal
expert reports would be due four weeks after opening expert reports;
and the remainder of the schedule be adjusted accordingly.

     In response, Fenster contends that the number of asserted claims
should not be further limited because Fenster will likely limit them
after full discovery.  Further, Fenster contends that the Court
indicated at the November 22, 2004, discovery hearing that the
parties would not lose their trial date.  Fenster also contends that
Siemens has not noticed a single deposition, and has failed to
provide a 30(b)(6) witness.

     The Court agrees with Siemens that Fenster's number of asserted
claims is unreasonable.  The Court would prefer the parties to
address such issues among themselves, but when that does not happen;
the Court must intervene.  The Court finds that Fenster should be
limited, at this juncture, to ten (10) claims and five (5) products
asserted.  This decision is obviously arbitrary; however, it is

7

appropriate from the viewpoint of the typical patent litigation.
Because a modification of the Scheduling Order is required as a
result of the Court's decision, the Court will order the parties to
submit a proposed, revised scheduling order for the Court's
consideration.

> C.   Defendants' Motion For A Protective Order With Respect To
>       Plaintiffs' Rule 30(b)(6) Deposition Notice (D.I. 70)

By its Motion, Siemens contends that Fenster' Rule 30(b)(6)
deposition notice is overly broad and unduly burdensome because it
designates "all versions" of 49 different products as "Accused
Products," and seeks testimony on a multitude of topics (36 subject
matter categories) for each of them.   As relief, Siemens seeks the
entry of a protective order.   Based on the Court's decision reducing
the number of asserted claims, the Court will deny this motion as
moot.

> D.   Siemens' Rule 37 Motion To Compel Discovery (D.I. 72)

By its motion, Siemens contends that Fenster has failed to
produce: file histories of foreign counterpart applications, and
related documents; documents relating to conception, reduction-to-
practice, and best mode, in response to Document Requests No. 14 and
15; complete answers to Siemens' Interrogatories 3 and 4, which ask
for information relating to Siemens' laches defense and the priority
dates for the patents-in-suit.   In response, Fenster contends that
Fenster's foreign file histories are publically available, that
Fenster has no other documents that are responsive to Document

8

Requests 14 and 15, and that Fenster has fully responded to
Interrogatory Nos. 13 and 14.  Because the Court has limited the
number of asserted claims and accused products and will modify the
schedule in this case, the Court will deny this motion with leave to
renew.

      E.    <u>Fenster' Motion To Compel Responses To Interrogatory Nos. 9
And 10 And Alleged Joint Defense Communications (D.I. 74)</u>

By its motion, Fenster moves to compel Siemens to respond to
Interrogatory Nos. 9 and 10 of Fenster' Second Set of
Interrogatories.  Specifically, Fenster seeks the dates of the first
and last sales of each of the identified products.  In response,
Siemens asserts that these interrogatories seek information
duplicative of that requested in Fenster's Interrogatory Nos. 1 and
2.

In reply to Siemens' argument, Fenster contends that
Interrogatory Nos. 1 and 2 requested that Siemens identify each model
and all components made, used, sold, offered for sale and/or imported
since 1994.  Fenster contends that identification of the models and
components sold since 1994 is different from identification of the
first and last dates of sale.

Because the Court has limited the number of asserted claims and
accused products and will modify the schedule in this case, the Court
will deny this motion with leave to renew.

F.    Fenster's Motion To Compel 30(b)(6) Witness (D.I. 75)

Because the Court has denied as moot Siemens' Motion For A

Protective Order With Respect To Fenster's Rule 30(b)(6) Deposition

Notice (D.I. 70), the Court will likewise deny as moot Fenster's

Motion To Compel 30(b)(6) Witness.

G.    Fenster's Motion To Preclude Siemens From Relying On Expert
      Testimony (D.I. 113)

By its motion, Fenster moves to preclude Siemens from relying on

expert testimony because Siemens failed to serve its expert reports

prior to April 22, 2005, the date specified in the Scheduling Order.

In response, Siemens contends that Fenster's designation of 90

asserted claims made it impossible for Siemens' experts to conduct a

meaningful validity analysis.  Because the Court has limited the

number of asserted claims and accused products and will modify the

schedule in this case, the Court will deny this motion as moot.

H.    Siemens' Conditional Cross-Motion To Preclude Fenster From
      Offering Expert Testimony On Infringement (D.I. 114)

Siemens' Conditional Cross-Motion To Preclude Fenster From

Offering Expert Testimony On Infringement (D.I. 114) is related to

Fenster's Motion To Preclude Siemens From Relying On Expert Testimony

(D.I. 113).  Because the Court has limited the number of asserted

claims and accused products and will modify the schedule in this

case, the Court will deny this motion as moot.

10

## II.   Other Discovery Motions

###   A.   Fenster's Renewed Motion For Access To Siemens' Intranet (D.I. 80)

By its motion, Fenster renews its motion to compel Siemens to provide Fenster with access to its corporate Intranet or other electronic databases or networks.  The Court denied Fenster's original motion on November 22, 2004, stating that the Court based its decision in part on Siemens' representation that the production would be in a searchable electronic format.  However, Fenster contends that two developments warrant reconsideration of this issue. First, Fenster contends that Siemens provided access to documents in two warehouses, which requires document-by-document review of over a million pages of documents without the benefit of any type of electronic searching.  Second, Fenster contends that Siemens produced other large batches of documents in electronic format, but many of these documents are not in searchable format.

In response, Siemens contends that Fenster's motion is a motion for reconsideration, not a renewed motion.  Siemens contends that it will produce the specific documents that Fenster has previously identified as non-searchable in "searchable form."  Further, Siemens contends that some older documents are only available on microfilm, are not on the Intranet, and that Siemens fulfilled its obligations under the Federal Rules by producing them in the format in which they are maintained.

11

In a letter to the Court (D.I. 106), Fenster cites deposition testimony of a Siemens' employee wherein the employee states that it would be easy to determine whether there were any documents from Pie Medical on Siemens' Intranet.  Fenster contends that Siemens has not produced any documents from Pie Medical and that this testimony is new evidence that shows Fenster's motion for access to Siemens' Intranet should have been granted.

The Court finds that Fenster has not demonstrated an intervening change in controlling law, the availability of new evidence that was not available when the Court issued its first Order, or the need to correct a clear error of law or fact to prevent a manifest injustice. Accordingly, the Court will deny this motion.

B.    Fenster's Revised Motion To Compel Discovery Responses With Respect To Sienet Product (D.I. 84)

By its motion, Fenster seeks production of documents related to Siemens' SIENET.  Fenster contends that SIENET is a Picture Archiving and Communication System ("PACS"), which is relevant to this litigation.  Fenster acknowledges that Siemens' responses to Fenster's most recent discovery requests were not due until March 7, 2005, after Fenster filed its motion.

In response, Siemens contends that SIENET comprises three components: patient management, long-term image archiving (known as PACS), and image post processing.  Siemens contends that SIENET allows for the linking of image data from various x-ray imaging systems and provides data on a patient-based scheme to radiologists.

12

Further, Siemens contends that SIENET has a component with PACS functionality that is merely used in part for long-term storage and archiving.  Because the x-ray imaging systems function independently of SIENET and discovery is limited to digital x-ray imaging systems, Siemens contends that SIENET is outside the scope of discovery. Siemens further contends that SIENET is capable of operating with a host of x-ray systems (such as MRI, CT scanning, ultra-sound, and nuclear medicine) that are outside the scope of this litigation.

The Court will deny Fenster's motion on two grounds.  First, the Court concludes that this motion was filed prematurely, before Siemens' discovery responses were due.  Second, it appears to the Court that SIENET is not a digital x-ray imaging system, but rather a way to knit such a system together with other components. Accordingly, the Court concludes that SIENET is outside the scope of discovery.

C.    <u>Fenster' Motion To Quash And/Or In The Alternative For
Protective Order In Response To Siemens' Notice Of
Deposition And Subpoena Duces Tecum Issued On March 16,
2005 To General Electric Company And General Electric
Medical Systems, Inc. (D.I. 101)</u>

By its motion, Fenster seeks to quash Siemens' notice of deposition with regard to a Rule 30(b)(6) Deposition of General Electric Company and General Electric Medical Systems, Inc. (collectively, "GE") and a subpoena duces tecum, both issued on March 16, 2005, after the close of fact discovery.

In response, Siemens contends that because its counsel

13

represents GE in unrelated matters, counsel could not take third-party discovery from GE without obtaining a waiver from GE of any conflict of interest that may be presented by taking such discovery. Siemens contends that Fenster stood in the way of Siemens' attempts to obtain the waiver.  On March 9, 2005, GE informed Siemens' counsel that it would not waive the conflict.  Thus, Siemens had to retain other counsel, and served the subpoena less than a week after GE's refusal.  Siemens also contends that a decision by the Court to modify the existing schedule would moot Fenster's objections to the GE subpoena.

Because the Court has limited the number of asserted claims and accused products and will modify the schedule in this case, the Court will deny this motion.

   D.    Fenster' Motion To Compel Deposition Testimony Of Mssrs.
         Ruggiero And Keller (D.I. 107)

By its motion, Fenster contends that it deposed two Siemens Medical Solutions employees, Tom Ruggiero on April 6, 2005, and Mike Keller on April 7, 2005.  Fenster contends that, during each deposition, counsel for Siemens instructed each witness not to testify regarding a device called "AXIS."  Fenster moves to compel further deposition testimony of Messrs. Ruggiero and Keller with regard to AXIS pursuant to Federal Rule of Civil Procedure 26(b)(1) and 37(a)(2).  Fenster contends that Siemens' counsel's instructions not to answer questions about AXIS were improper because the line of questioning did not involve a matter of privilege.

14

In response, Siemens contends that the design for the AXIS project has not been finalized and it remains in flux.  Siemens further contends that there is no commercial AXIS product because Siemens has not yet sought or obtained FDA approval for a commercial product.  Thus, Siemens contends that discovery with regard to AXIS is not reasonably calculated to lead to discovery of relevant information.

The Court limited the scope of discovery in this case to digital x-ray imaging systems.  In its briefing, neither party addresses whether AXIS is a digital x-ray imaging system, but it seems to be one that is still in the stages of research and development.  Accordingly, the Court will deny this motion, because it is directed to a yet to be developed product which appears to be outside the scope of discovery set by the Court.

## CONCLUSION

For the reasons discussed, the Court will (1) deny Defendant Siemens' Motion For An Expedited Briefing Schedule (D.I. 69); (2) deny as moot Defendant Siemens' Motion For A Protective Order With Respect To Plaintiffs' Rule 30(b)(6) Deposition Notice (D.I. 70); (3) grant Defendants' Combined Emergency Motion Pursuant To The Rule 16 Scheduling Order To: (1) Limit The Number Of Asserted Claims, And (2) Modify The Existing Schedule (D.I. 71); (4) deny with leave to renew Defendants' Rule 37 Motion To Compel Discovery (D.I. 72); (5) deny with leave to renew Plaintiffs' Motion To Compel Responses To

Interrogatory Nos. 9 And 10 And Alleged Joint Defense Communications
(D.I. 74); (6) deny as moot Plaintiffs' Motion To Compel 30(b)(6)
Witness (D.I. 75); (7) deny Plaintiffs' Renewed Motion For Access To
Defendants' Intranet (D.I. 80); (8) deny Plaintiffs' Revised Motion
To Compel Discovery Responses With Respect To Sienet Product (D.I.
84); (9) deny Plaintiffs' Motion To Quash And/Or In The Alternative
For Protective Order In Response To Defendants; Notice Of Deposition
And Subpoena Duces Tecum Issued On March 16, 2005 To General Electric
Company And General Electric Medical Systems, Inc. (D.I. 101); (10)
deny Plaintiffs' Motion To Compel Deposition Testimony Of Mssrs.
Ruggiero And Keller (D.I. 107); (11) deny as moot Plaintiffs' Motion
To Preclude Defendants From Relying On Expert Testimony (D.I. 113);
and (12) deny as moot Siemens' Conditional Cross-Motion To Preclude
Plaintiffs From Offering Expert Testimony On Infringement (D.I. 114).

An appropriate Order will be entered.